**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4618

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

KEEVUS WEEKS, a/k/a Shake,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cr-00089-IMK-MJA-5)

Submitted: May 25, 2017               Decided: May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keevus Weeks appeals his convictions for conspiracy to possess with intent to distribute and distribute heroin and oxycodone, in violation of 21 U.S.C. § 846 (2012); distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2012); and two counts of distribution of oxycodone within 1000 feet of a protected location, in violation of 21 U.S.C. § 860(a) (2012). On appeal, Weeks argues that the district court erred in denying his motion for a mistrial after a Government witness testified that Weeks had been arrested for violating parole. Finding no reversible error, we affirm.

We review a district court's denial of a motion for a mistrial for abuse of discretion, *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008), and we will disturb the court's decision "only under the most extraordinary of circumstances," *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). To establish an abuse of discretion, a defendant must show prejudice. *Wallace*, 515 F.3d at 330.

We conclude that the district court did not abuse its discretion in denying Weeks' motion for a mistrial. Weeks' own counsel elicited the information during cross-examination, despite the court's warning during the pretrial conference that open-ended questions might reveal Weeks' prior incarceration. Weeks also cannot establish that the witness' isolated comment prejudiced the jury. The Government did not mention the comment, and the court advised the jurors that they may not convict a defendant simply because they believe he might have committed similar acts in the past. Moreover, the evidence of Weeks' guilt was overwhelming, as multiple witnesses testified regarding Weeks' participation in the extensive drug-trafficking enterprise, and the Government

2

published recordings of controlled buys involving Weeks. *See United States v. Dorsey*, 45 F.3d 809, 817-18 (4th Cir. 1995) (holding that district court did not abuse its discretion in denying motion for mistrial when Government witness mentioned defendant's criminal record in testimony "in response to questions by *defense* counsel . . . and no plotting by the government that he sneak in the improper testimony was shown," when there was "overwhelming evidence" of defendant's guilt, and when court provided curative instructions).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3